The bill in this case was filed to set aside and declare void a chattel mortgage made by one Joseph Ellman to Sidney Wagner. Chattels mentioned in the schedule annexed to the chattel mortgage are the same alleged to have been sold by Irving Eisenberg, receiver of Wagner's, a corporation of this state, and in effect sold by the receiver to Samuel Dworkin, the complainant herein. The chattel mortgage above referred to was dated February 6th, 1935, and recorded the following day in the office of the register of Hudson county in book 548 of chattel mortgages. The proper execution, delivery and recording of this chattel mortgage does not seem to be questioned. It, therefore, appears that unless the goods and chattels therein mentioned were not owned by the mortgagor the chattel mortgage is a good and subsisting lien upon the goods and chattels which it purports to cover. This mortgage was afterward assigned by said Wagner to Weingarten Brothers, Incorporated, the validity of which assignment is not questioned. The chattel mortgage was given in part payment of a sale of the goods and chattels therein described made and contained in the bill of sale executed the same day from Sidney Wagner to Joseph Ellman for the consideration of $2,000. Joseph Ellman, it is admitted, paid to Sidney Wagner $1,000 in cash and gave two notes of $500 each payable in three months after date to Sidney Wagner, which notes were also delivered to Weingarten Brothers, Incorporated, together with the chattel mortgage as aforesaid. *Page 27 
The question, therefore, appears to be whether Sidney Wagner was the owner of the goods and chattels at the time he executed and delivered a bill of sale for the same to Joseph Ellman. It appears that Joseph Ellman entered into a certain agreement with Sidney Wagner for the incorporation and operation of a business at 900-902 Bergen avenue and 12 Dix street, Jersey City. Ellman held the lease on the premises and sublet at least a portion of the same to Sidney Wagner who at that time was operating a business known as Wagner Shop, Incorporated. Wagner and Ellman were each to receive one-half of the stock of the corporation with the exception of two shares. Wagner was to advance money for the equipping of the store which expense was afterward to be assumed by the corporation out of profits if available. Wagner testified that he purchased the fixtures in his own name and did not turn them over to the corporation for the reason that the agreement was never carried out. Ellman did not fulfill his part of the agreement, that is, he never paid the money for the purchase of the stock in the new corporation. No stock of the corporation was issued to either Ellman or Wagner but the business appeared to be conducted in the name of the corporation and checks were signed in the corporate name. It is admitted that no bill of sale was made by Wagner to the corporation for the fixtures in question. The business seems to have been conducted on a plan referred to by the witnesses as a "concessions business" and two agreements were made between the corporation and individuals which provided that such individuals might occupy certain portions of the store and pay a certain percentage of the profits to the corporation. Under these agreements certain fixtures were to be furnished by the corporation to these individuals. It is contended by the complainant that these agreements are evidence of the ownership of the fixtures by the corporation. Wagner said that the corporation did agree to furnish certain fixtures to these individuals for the operation of their business but that the fixtures, which the corporation agreed to furnish, did not belong to the corporation for the reason that Ellman did not carry out his contract and purchase the stock of the corporation and that inasmuch as the *Page 28 
corporation had no money with which to pay him for the fixtures he never transferred them to the corporation. Three checks were offered in evidence, one dated October 16th, 1934, one November 5th, 1934, and one November 13th, 1934. The first check was made payable to Sidney Wagner, the second to cash and the third to cash. All checks are signed "Wagner's. Sidney Wagner, President. J. Ellman, Treasurer," and all three were paid by the bank. These checks totaled about $1,585. Complainant contends and Ellman so testified, that these checks were payments to Wagner for the fixtures. This fact was absolutely denied by Wagner who testified that he did not remember for what purpose the checks were given and further said that he could explain the use of the proceeds if he had the books of the corporation which were turned over to the receiver. These books were not produced by complainant. Therefore, Wagner was not given an opportunity to explain the transactions. Ellman testified that although he accepted a bill of sale for the goods and chattels in question from Wagner and although he executed and delivered to Wagner a chattel mortgage for part payment of the same that the goods and chattels did not belong to Wagner but belonged to the corporation and that this transaction, in effect, was, therefore, fraudulent.
I find no evidence in the case that such information was ever given to Weingarten Brothers, Incorporated, or that Weingarten Brothers, Incorporated, ever had notice thereof. They were assignees of the chattel mortgage and note before the same became due. Be that as it may, however, it does not appear to me from the evidence that complainant has submitted sufficient proof to overcome the documentary evidence of the bill of sale and chattel mortgage which he is endeavoring to have set aside. I place little confidence in the testimony of the witness, Ellman, who admits that he paid $1,000 in cash and gave two notes totaling $1,000 for goods and chattels which he says he knew at the time did not belong to Wagner. It seems to me quite improbable that a man would pay his own money for something to which he knew he had no title. *Page 29 
I, therefore, have reached the conclusion that complainant has not produced the proof necessary in this case to have the mortgage declared null and void in the hands of the present owners thereof. I will, therefore, advise a decree dismissing the bill of complaint.